**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| KELSEY DRU GLEGHORN, | ) | No. CV 21-6247-CJC (PLA) |
| Plaintiff, | ) ) | **ORDER TO SHOW CAUSE RE: PLAINTIFF'S APPLICATION TO FILE ACTION *IN FORMA PAUPERIS*** |
| v. | ) ) | |
| M. METE, et al., | ) ) | |
| Defendant. | ) ) | |

On August 2, 2021, Kelsey Dru Gleghorn ("plaintiff") filed with this Court a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint" or "Compl.") (ECF No. 1); on the same date he filed a Request to Proceed In Forma Pauperis ("IFP Request"). (ECF No. 2). Plaintiff in his Complaint names as defendants M. Mete, a Correctional Counselor I at the California Mens' Colony - East ("CMC") state prison in San Luis Obispo, California; Frake (or Fraker), a Correctional Counselor II at CMC; and the Warden[1] at CMC. The date of the incident that is the subject of the Complaint is unspecified, but appears to be on or about July 28, 2020, based on a

---

[1] The Court notes that although the caption of the Complaint indicates that the CDCR is a defendant, in the body of the Complaint, plaintiff indicates the Warden at the prison as the defendant. (Compare Compl. at 1 with Compl. at 2).

document titled "Classification Committee Chrono," authored by defendant Mete, attached to the Complaint.

Although somewhat unclear, plaintiff appears to be alleging that Mete authored this July 28, 2020, "Revenge Chrono" in order to "stick it" to plaintiff just before Mete retired.  (Compl. at 8[2]).  He explains that sometime in 2014-2015, Mete was disciplined after violating plaintiff's due process rights and then lying about his actions. (Id.).  Plaintiff (somewhat confusingly) alleges that despite knowing that plaintiff has no arrest, charge, or conviction for arson, Mete falsely included "arson" as an offense on the July 2020 Chrono, thereby denying plaintiff "dorm living," although page 2 of the Chrono nevertheless reflects that plaintiff "has no preclusions from dorm placement." (Id. at 8-9).  Plaintiff also complains that Mete referenced a June 19, 2020, Chrono written by a Senior Psychologist and stated that the Senior Psychologist was recommending that plaintiff "not be placed in institution w/dorm living," but again notes that page 2 of the July 2020 Chrono reflects that plaintiff "has no preclusion from dorm placement." (Id. at 9).  Plaintiff states that "[t]his was done intentionally [as retaliation by omission], [be]cause CCI Mete knows the [plaintiff] does not want dorm living" and was trying to prevent plaintiff from "having any chance w/Prop 57 action." (Id.).  Plaintiff makes some other allegations and strenuously points out that he has no arson conviction, and no conviction involving a crime of violence. (Id.).  He requests that any reference to violence be "deleted or expunged from his CDCR file, forthwith." (Id. at 10).

**A.    THREE STRIKES PURSUANT TO 28 U.S.C. § 1915**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not proceed IFP in a civil action, or appeal a civil judgment under 28 U.S.C. § 1915, "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

---

[2]    For ease of reference, the Court refers to the ECF-generated page numbers when referring to the Complaint.

imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Here, in response to the question on the form Complaint used by the Eastern District of California, requiring plaintiff to inform the Court of any other lawsuits he has filed while a prisoner, plaintiff listed three cases, only one by case number: a case previously brought in the Central District of California, case number CV 20-10202-CJC (PLA). The Court's review of the PACER federal case locator website reflects that including the 20-10202 action, plaintiff has been involved in three additional actions: two in the Central District of California,[3] and one in the Eastern District of California, and the three dismissals in those actions appear to count as strikes pursuant to § 1915(g):

> (1) in Gleghorn v. Schwarzenegger, C.D. Cal. Case No. 08-790-MMM (MAN), (ECF Nos. 7, 9, 10, 11), the Magistrate Judge issued an order dismissing plaintiff's Complaint with leave to amend, for failure to state a claim against three of the defendants (one was a state agency and not a "person within the meaning of Section 1983"; another was a private non-profit association against whom plaintiff had alleged facts insufficient to show that its participation in the conduct at issue constituted "state action"; and the third was a "website" and not a person under section 1983. The Magistrate Judge also found that plaintiff had not stated a claim for deliberate indifference against Governor Schwarzenegger or any of the defendants. The District Judge dismissed plaintiff's Complaint for failure to prosecute after he failed to timely file an amended complaint. See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a court dismisses a complaint for failure to state a claim, grants leave to amend, and the plaintiff fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)).
>
> (2) in Gleghorn v. Naseer, E.D. Cal. Case No. 17-1085-CMK (ECF No. 5), the Magistrate Judge (who plaintiff had consented to for all purposes) ordered plaintiff to show cause why the action should not be dismissed for failure to state a claim for deliberate indifference to medical needs. Plaintiff submitted a response to the order to show cause and the Court, finding that plaintiff failed to state a claim, dismissed the action. (ECF No. 14). See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (dismissal for failure to state a claim within the meaning of Rule 12 of the Federal Rules of Civil Procedure qualifies as a strike).
>
> (3) in Gleghorn v. CMC, C.D. Cal. Case No. 20-10202-CJC (PLA) (ECF Nos. 9, 12, 13, 14), plaintiff asserted that his civil rights had been violated by the CDCR (and others) when they failed to properly apply California Proposition

---

[3] The docket reflects a third case brought in the Central District in Case No. CV 03-7175-UA-MAN. In that case, the then-Chief District Judge denied plaintiff's IFP request after finding that his complaint was barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2362 (1994). (C.D. Cal. Case No. 03-7175-UA-MAN, ECF No. 2). This action does not appear to constitute a strike pursuant to § 1915(g). See Washington v. L.A. Cnty. Sheriff's Dep't, 833 F.3d 1048, 1055-57 (2016).

57 to his sentence and grant him early parole as a non-violent inmate. The District Judge accepted the Magistrate Judge's Recommendation to dismiss the action without further leave to amend and without prejudice for lack of subject matter jurisdiction based on plaintiff's failure to state any claim arising under federal law on which relief may be granted. The Court also found that the CDCR was immune "from all civil rights claims raised pursuant to § 1983." Andrews, 398 F.3d at 1121 (dismissal for failure to state a claim within the meaning of Rule 12 of the Federal Rules of Civil Procedure qualifies as a strike); but see Moore v. Maricopa Cnty. Sheriff's Off., 657 F3d 890, 893-94 (noting that plaintiff had not alleged that his action arose pursuant to § 1983 or that the court had jurisdiction; instead he left the "Jurisdiction" section of the complaint form blank; the Ninth Circuit determined after review that the court's order of dismissal was not based on failure to state a claim). In Case No. 20-10202, plaintiff asserted the Court had jurisdiction and that his claims arose pursuant to 42 U.S.C. § 1983, and the Report and Recommendation reflected plaintiff's failure to state a federal claim.

Each of these actions was dismissed for failure to state a claim, and each, therefore, qualifies as a strike pursuant to § 1915(g). Accordingly, it appears to the Court that plaintiff has accumulated three qualifying strikes pursuant to § 1915(g). Plaintiff, therefore, is barred from proceeding IFP herein unless and until he can show that he does *not* have three strikes in accordance with 28 U.S.C. § 1915(g), or that at the time this action was lodged for filing, plaintiff was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the "imminent danger" exception, however, "turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasis added). Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Richey v. Dahne, 807 F.3d 1202, 1206 (9th Cir. 2015).

It does not appear to the Court that plaintiff could have been under imminent threat of serious physical injury at the time that he initiated this action. Plaintiff's claims arise from the actions taken by a now-retired correctional officer who allegedly falsified information in a July 2020 Chrono. There is nothing in the factual allegations in the Complaint that raises a reasonable inference that plaintiff was facing imminent danger of serious physical injury at the time that he initiated this action.

/
/

**B.     ORDER TO SHOW CAUSE**

Based on the foregoing, plaintiff is **ORDERED** to show cause, **no later than September 1, 2021, why his IFP Request should not be denied**.[4]  Plaintiff must demonstrate to the Court, **in a sworn declaration**, why his IFP Request should not be denied pursuant to 28 U.S.C. § 1915(g).  That is, plaintiff must explain why any of the civil actions discussed above that has been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ," should *not* count as a strike pursuant to 28 U.S.C. § 1915(g), and/or that he was "under imminent danger of serious physical injury" at the time he filed this Complaint.

**Failure to file a timely response to this Order to Show Cause will be deemed by the Court as plaintiff's consent to the denial of his IFP Request**.

DATED:  August 4, 2021

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[4] If plaintiff's IFP Request is denied, plaintiff must pay the full filing fee in order to proceed with this action.